UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGARET D. BURK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:07-CV-0899-B |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on May 21, 2007. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Procedural History: On November 16, 2004, plaintiff Margaret Burk filed an application for disability insurance benefits, claiming disability due to a back injury, neck and shoulder pain, and degenerative disc disease. (Administrative Record (hereinafter "Tr.") at 56-58, 71-72). She alleged a disability onset date of October 9, 2004. (Tr. at 56).

The Administrative Law Judge ("ALJ") conducted a hearing on March 15, 2006 at which Burk appeared with her counsel. (Tr. at 356-391). She testified on her own behalf. On June 17, 2006, the ALJ denied Plaintiff's request for benefits, finding that she was not disabled because she retained the capacity to perform her past relevant work as a cashier. (Tr. at 15-19).

Plaintiff timely requested a review of the ALJ's decision by the Appeals Council and on May 4, 2007, the Appeals Council denied her request. (Tr. at 5-7). Therefore, the ALJ's

decision became the Commissioner's final decision for purposes of judicial review.  *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed her federal complaint on May 21, 2007.  Defendant filed an answer on August 13, 2007.  On August 23, 2007, Plaintiff filed her brief, followed by Defendant's brief on December 6, 2007.  Plaintiff did not file a reply brief.

<u>Standard of Review - Social Security Claims</u>:  When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence.  *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)).  "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment.  *Villa*, 895 F. 2d 1022 (citations omitted).  Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive.  *Perez v. Barnhart*, 415 F.3d 461(5th Cir. 2005).

<u>Discussion</u>:    To prevail on a claim for disability insurance benefits, a claimant bears the burden of establishing that he or she is disabled, defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 404.1505.  Substantial gainful activity is defined

as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §404.1520. Under the first four steps, a claimant has the burden of proving that her disability prevents her from performing her past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989). This burden may be satisfied either by reference to the Medical-Vocational Guidelines ("Grid Rules") of the regulations, *see* 20 C.F.R. Pt. 404, Subpt. P, App. 2, or by expert vocational testimony or other similar evidence. *See*, *e.g.*, *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).
"A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In this case, the ALJ proceeded to step four, finding that Plaintiff retained the functional capacity to perform her past relevant work as a cashier. (Tr. at 19). He, therefore, denied Plaintiff's request for benefits. *Id*.

The record contains the following medical evidence for the period of alleged disability:

An August 26, 2004 MRI report from Open Imaging of Greenville describes mild L2-L3 through L4-L5 diffuse disc bulges and mild bilateral neural foraminal narrowing, and multilevel articular facet arthropathy and hypertrophy with degenerative changes. (Tr. 121-122). No significant changes were reported from a prior MRI dated December 13, 2001. On November 1, 2004, Burk was examined by Dr. James Cable at Texas Back Institute in Garland at a follow-up

3

appointment. (Tr. 168). His impression was lower back pain due predominantly to facet dysfunction and some degree of lumbar radicular syndrome. He noted that Burk's pain was predominantly from her back into her right lateral thigh and that she had more back pain than leg pain. On November 12, 2004, Burk underwent intra-articular facet joint injections with corticosteroid and an intra-articular facet arthrogram at Parker Road Surgery Center. (Tr. at 131-133). On February 8, 2005, Burk visited the emergency room for acute exacerbation of COPD (emphysematous) reporting symptoms of cough, congestion and difficulty breathing. (Tr. 151-154). On April 22, 2005, she was examined by Dr. Ralph Rashbaum at Texas Back Institute in Plano for follow up. (Tr. 163-164). His impression was degenerative disc disease at L2-L3, L3-L4 and L4-L5 and he noted that her examination was "unremarkable" and she was easily able to walk on her toes and her heels, with no acute root tension signs and normal manual motor testing. (Tr. 163).

Plaintiff also submitted medical records from Dr. Hassan Farooq, a family practice physician in Greenville, Texas. Dr. Farooq treated her on May 16, 2005 for persistent cough, wheezing and occasional fever. He noted that she complained of back pain and his assessment included upper respiratory infection, severe back pain and vertigo. (Tr. 308). She returned for follow up visits on May 25, 2005 (Tr. 306) and on August 25, 2005 (Tr. 300) . At her August 2005 appointment, the nurse's notes indicate that Burk complained of right ankle swelling, frequent night time urination, a bunion in her right foot and a possible bone spur in her left foot. The notes indicate that Burk rated her pain level at a seven and was not taking medication at that time. On November 25, 2005, Dr. Farooq treated Burk for a tooth infection. (Tr. 337).

In addition to medical evidence, the ALJ considered Plaintiff's own testimony at the

hearing.

Plaintiff's primary argument is that the ALJ improperly rejected a physical residual functional capacity questionnaire submitted by Dr. Hassan Farooq. Dr. Farooq, a family practice physician, submitted a residual functional capacity ("RFC") questionnaire dated February 24, 2006. (Tr. at 314-317). On one of her SSA disability reports, Burk indicated that Dr. Farooq was her primary doctor for flu, colds and annual exams. (Tr. at 74). On the questionnaire, Dr. Farooq noted that Plaintiff's symptoms were dizziness, vertigo, imbalance and back pain. (Tr. at 314). In characterizing her pain, he noted that her lower back pain had persisted for a few years, that the onset was insidious, that it became worse over time, was better with rest and worse with activity. *Id*. Notably, in terms of clinical findings and objective signs, Dr. Farooq reported only "mild muscle spasm." *Id*. He noted that Plaintiff occasionally experienced pain or other symptoms severe enough to interfere with attention and concentration needed to perform simple work tasks, that she could sit for 45 minutes at a time before needing to get up, stand for 20 minutes before needing to sit down or walk around, and in an eight hour workday she could stand for two hours and sit for four hours. (Tr. at 315-316). He opined that she needed to shift positions at will from sitting, standing or walking and would need to take unscheduled breaks throughout the day. (Tr. at 316). He also noted that she could occasionally lift 10 pounds and rarely lift 20 pounds. *Id*.

With respect to Dr. Farooq's report, the ALJ concluded:

> As for opinion evidence, Dr. Hassen's [sic] evaluation on the residual functional capacity questionnaire of February 24, 2006, will be given minimal evidentiary weight. The report is based on exaggerated pain self-reported by the claimant. The objective observations reported "mild muscle spasm." Normally, this would not impose less than medium residual functional capacity but the

5

plaintiff is given the benefit of the doubt to a light residual functional capacity.

(Tr. at 19). The ALJ concluded that Plaintiff maintains the residual functional capacity to perform light work, which is defined under the Regulations as work requiring lifting of no more than 20 pounds at a time, with frequent lifting or carrying of objects weighing up to 10 pounds, and may require "a good deal of walking or standing." 20 C.F.R. § 404.1567(b).

Plaintiff argues that the ALJ rejected Dr. Farooq's opinion without proper explanation and that the ALJ's finding of light work was counter to Dr. Farooq's opinion, especially in light of his assessment that Plaintiff's back pain prevents her from sitting or standing more than one hour at a time and that she would need to shift positions at will. The ALJ detailed the medical evidence submitted for the alleged period of disability and concluded that the objective observations reported by Dr. Farooq ("mild muscle spasm") did not support his RFC evaluation. The absence of medical records relating to any limitations on Plaintiff's ability to work and the testimony of Plaintiff herself provide a basis for rejecting Dr. Farooq's RFC evaluation. *See, e.g., Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994); *Brown v. Apfel*, 192 F.3d 492, 500 (5th Cir. 1999); *see also Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995) (rejecting an "isolated, conclusory statement" of a treating physician when considered in conjunction with other opinions, objective medical evidence and claimant's own testimony). Indeed, it appears the ALJ gave Dr. Farooq's statement some evidentiary weight and did not disregard it entirely in that the ALJ found that Burk was limited to light work, despite the lack of medical evidence supporting any work limitations. (Tr. 19).

Under the foregoing facts and circumstances, there is substantial evidence supporting the

ALJ's rejection of Dr. Farooq's RFC statement.[1]

Plaintiff's second argument is that the ALJ's conclusion that she is capable of light work is not supported by substantial evidence. Plaintiff bears the burden of proving that she is unable to perform her past relevant work. *See Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). A review of the record reveals that the ALJ's determination that Burk retains the residual functional capacity for light work is supported by substantial evidence. Plaintiff complains that the medical evidence discussed by the ALJ is brief and conclusory; however, Plaintiff submitted very little medical evidence covering the period of alleged disability (she alleged an onset date of October 9, 2004) and the ALJ, in fact, detailed almost all of the relevant records, excluding only the November 12, 2004 report of Plaintiff's injections at Parker Road Surgery Center. Other than Dr. Farooq, who was not treating Plaintiff's back pain, none of the physicians of record reported any limiting effects of Plaintiff's back pain on her ability to perform work activities. After reviewing the medical evidence and Plaintiff's testimony as to her symptoms and daily activities, the ALJ concluded that her "statements concerning the intensity, duration and limiting effects of [her alleged] symptoms are not entirely credible." (Tr. at 18). The objective medical evidence and Plaintiff's own testimony support his conclusion and such credibility assessments are entirely within the province of the ALJ. *See Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("The ALJ found the medical evidence more persuasive than the claimant's own testimony. These are precisely the kinds of determinations that the ALJ is best positioned to

---

[1] To the extent that Plaintiff is arguing that the ALJ failed to specifically address the factors listed in 20 C.F.R. § 404.1527(d)(2), I find that the ALJ properly addressed Dr. Farooq's opinion without explicitly discussing each factor. With respect to the reported decisions of the Fifth Circuit which are precedential, I have located none which requires an explicit discussion of each of the § 404.1527(d) factors in an ALJ's decision.

7

make."). For these reasons, substantial evidence supports the ALJ's conclusion that Plaintiff's back pain would not preclude her from performing her past relevant work as a cashier.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the District Court enter its order AFFIRMING the decision of the Commissioner and DISMISSING this action with prejudice. A copy of this recommendation shall be transmitted to counsel for the parties.

Signed this 7th day of March, 2008.

_____
Wm. F. Sanderson Jr.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.